```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  ELLEN V. ENDRIZZI
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2716
```

                IN THE UNITED STATES DISTRICT COURT FOR THE

                      EASTERN DISTRICT OF CALIFORNIA


| UNITED STATES OF AMERICA, | ) | CR-S-06-0270 FCD |
|---|---|---|
| Plaintiff, | ) | APPLICATION AND ORDER FOR |
| | ) | MONEY JUDGMENT AGAINST |
| v. | ) | DAVID OAKLEY HARDE |
| DAVID OAKLEY HARDE, | ) | |
| Defendant. | ) | |

On August 28, 2006, Defendant David Oakley Harde entered a guilty plea to Count One of the Indictment, which charges him with manufacturing marijuana, a violation of 21 U.S.C. § 841(a)(1).

As part of his plea agreement with the United States, Defendant Harde agreed to forfeit voluntarily and immediately $240,000 in a forfeiture money judgment pursuant to Fed. R. Crim. P. 32.2(b), which represents the equity available in real property located at 6540 Perry Creek Road, Somerset, California. See Defendant Harde's Plea Agreement ¶ II.D. This amount is subject to the defendant's right to raise prior to sentencing an Excessive Fines Clause challenge to the amount of the forfeiture. Id. If the Court determines that this amount is grossly disproportional to the

offense, then the parties agreed that the court may reduce the amount of the money judgment as necessary to avoid a violation of the Excessive Fines Clause.  Id.   Plaintiff hereby applies for entry of a money judgment as follows:

    1.  Pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(1), the Court shall impose a personal forfeiture money judgment against Defendant David Oakley Harde in the amount of $200,000.00.

    2.  That the above-referenced personal forfeiture money judgment is imposed based on defendant David Oakley Harde's conviction for violating 21 U.S.C. § 841(a)(1)(Count One).  Said amount reflects the net equity in the real property located at 6540 Perry Creek Road, Somerset, California, which the defendant agreed is subject to forfeiture based on the offense of conviction.  Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law.

    3.  The personal money judgment shall be paid in full by the time of sentencing.  Payment should be made in the form of a cashier's check or money order made payable to the U.S. Marshals Service and sent to the Asset Forfeiture Unit, Attn: T. Teglia, U.S. Attorney's Office,501 I Street, Suite 10-100, Sacramento, CA 95814.  Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the United States Marshals Service, in its secure custody and control.

    4.  If payment of the $200,000 forfeiture money judgment, or the amount of the forfeiture money judgment ordered by the Court, is not received by the United States by the time of sentencing, the

U.S. Marshals Service shall be authorized to sell the real property located at 6540 Perry Creek Road, Somerset, California, APN 093-032-7110, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. The United States shall receive through escrow the net proceeds up to $200,000 or the amount of the money judgment ordered by the Court, less payments for costs of the selling the property, legitimate liens, and taxes that existed on the above-listed real property as of August 3, 2006. Defendant Harde shall receive all remaining amounts after payment of costs of sale, legitimate liens, taxes, and repairs or costs incurred by the U.S. Marshals Service. Defendant Harde shall maintain the real property in the same condition and repair as existed as of August 3, 2006, normal wear and tear excepted, until he has paid the forfeiture money judgment, or vacated the premises.

DATED: December 13, 2006

          McGREGOR W. SCOTT
          United States Attorney

        By:  /s/ Ellen V. Endrizzi
          ELLEN V. ENDRIZZI
          Assistant U.S. Attorney

**O R D E R**

For good cause shown, the Court hereby imposes a personal forfeiture money judgment against Defendant David Oakley Harde in the amount of $200,000.00. Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law. Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the United States Marshals

3

1 | Service, in its secure custody and control.
2 | If payment of the money judgment is not received by the United
3 | States by the time of sentencing, the U.S. Marshals Service shall be
4 | authorized to sell the real property located at 6540 Perry Creek
5 | Road, Somerset, California, APN 093-032-7110, in the most
6 | commercially feasible manner, as soon as reasonably possible, for
7 | the maximum price as described in paragraph 4 above.
8 | IT IS SO ORDERED.
9 | DATED: December 22, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE